UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES EDWARD WHITE,

        Plaintiff,                  Case No. 1:23-cv-1180

v.                                        Hon. JANE M. BECKERING

STATE OF MICHIGAN,

        Defendant.

_____/

## REPORT AND RECOMMENDATION

*Pro se* plaintiff James Edward White ("White") filed this lawsuit against defendant State of Michigan. This matter is now before the Court on defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) or in the alternative for a more definite statement pursuant to Fed. R. Civ. P. 12(e) directed at White's original complaint (ECF No. 15) and defendant's motion to dismiss or in the alternative for a more definite statement directed at White's amended complaint (ECF No. 23).

      **I.**      **White's complaint and amended complaint**

White filed a 36-page complaint against defendant containing 69 paragraphs, 20 footnotes, and 86 exhibits (about 800 pages in ECF Nos. 1-2 to 1-87). *See* Compl. (ECF No. 1). White's complaint is a labyrinth of allegations, arguments, and lectures on law ranging from Blackstone to the Federalist Papers. White's claim arises from the time period of August 31, 2017 to October 26, 2017, when he was "temporarily laid off" from his job at Michigan State University (MSU). Compl. at PageID.7. According to White, someone at MSU entered fake vacation hours

1

for him (94 vacation hours rather than the full 102 hours), violated the union contract, and violated MSU policy regarding the treatment of the vacation time. *Id*. at PageID.7-9.  According to White,

> Plaintiff's employer, Michigan State University (MSU), ostensibly paid out Plaintiff's accrued and fully vested vacation time in order to (illegally) reduce MSU's obligatory unemployment benefit costs under Michigan law. In computing Plaintiff's vacation payout MSU made at least two mathematical errors neither of which did they ever correct.

PageID.7.

These errors form the basis for White's claim, which appear to be that his vacation time was miscalculated and that he was paid incorrect unemployment benefits for the week of September 30, 2017:

> After Plaintiff's layoff commenced Plaintiff applied for Michigan Unemployment Insurance Benefits and received them as appropriate during the layoff except for the week of September 30, 2017 (Exhibit DD) for which MSU made vacation entries (Exhibit N 20th sheet CHOREYSH entries) and claimed to the Michigan Unemployment Insurance Agency (UIA) that MSU was allocating (Plaintiffs earned and fully vested [Exhibit K Article 21, Exhibit GG CL#Al and CL#A3 (sheets 10-11)], Exhibit GG ER#2 [sheets 18-19]) vacation time to the first two weeks of the layoff (Exhibit II).

*Id*. at PageID.12-13.

In one exhibit[1], White calculated his remedy at $1,086.00:

> Remedy, in this case, for the withholding of $362 rightfully due Petitioner under the legislatively created unemployment insurance laws of Michigan and which Michigan State University, seemingly in collaboration with the UIA (and UIAC), attempted to use to retain [sic] $724 of MSU's unemployment insurance obligations.

---

[1] *See White v. MSU, Unemployment Compensation Division, Michigan Unemployment Insurance Agency*, No. 22-387 (U.S.) (Petition for rehearing)  (ECF No. 1-2, PageID.67, fn. 27). The Court notes that the U.S. Supreme Court denied White's petition for writ of certiorari to the Circuit Court of Michigan, Ingham County on January 9, 2023 and denied his petition for a rehearing on February 27, 2023.  *See  Edward White v. Michigan State Univ. Unemployment Comp. Div.*, No. 22-387, 143 S. Ct. 570 (2023); *White v. Michigan State Univ. Unemployment Comp. Div.*, No. 22-387, 143 S. Ct. 993 (2023).

White pursued the alleged miscalculations throughout the Michigan legal system. At one point, the Michigan Court of Appeals summarized his claims as follows:

> Plaintiff was laid off from his position as an Information Technologist with the International Studies Department at MSU in August 2017. At that time, plaintiff paid dues and was represented by the Administrative-Professional Association (APA) in accordance with a Collective-Bargaining Agreement (CBA). MSU paid plaintiff for his unused vacation time in September 2017. [FN 1] However, beginning in December 2017, plaintiff communicated with MSU's Office of Employee Relations (OER) team members regarding his concerns about how his vacation time was paid out. According to plaintiff, he was underpaid for his unused vacation time. Plaintiff sought reinstatement of his vacation time in exchange for the amounts paid, or at minimum, an understanding of how the amount of pay was calculated. After several months of e-mail communications, both plaintiff and the APA were unsuccessful in obtaining the calculations, and plaintiff remained unsatisfied with the explanation he was provided.
>
> In August 2018, plaintiff filed a claim and an accompanying affidavit in the Small Claims Division of the 54-B District Court, alleging that MSU "provided a payout for vacation earned that fell short of what the actual payment should have been." MSU removed the lawsuit to the Court of Claims and subsequently filed a motion for dismissal of the lawsuit under MCR 2.116(C)(7). The Court of Claims granted MSU's motion for dismissal, noting that while plaintiff pursued the issue with MSU, he failed to adhere to the grievance procedure outlined within the CBA, which included an arbitration agreement. The Court of Claims also noted that dismissal was appropriate because plaintiff did not file a notice of intent with the Court of Claims within one year of the claim's accrual as required by MCL 600.6431(1). This appeal followed. . . .
>
> [FN 1: Plaintiff accepted a different position with MSU Information Technology in October 2017.]

*White v. Michigan State University*, No. 349812, 2020 WL 5495268 at *1, 3 (Mich. App. Sept. 10, 2020).

The exhibits reflect that White raised his claim in state agency proceedings, state court proceedings, and letters to the governor from 2017 through 2022. *See White v. MSU*, No. 18-219-MZ (Mich. Ct. Cl.) (ECF No. 1-13); *White v. MSU*, No. 18-0922-SC (54-B District Court, Small Claims) (ECF No. 1-14); *White v. MSU*, No. 349812 (Mich. App. Sept. 10, 2020) (ECF No. 1-20); *White v. MSU*, No. 162298 (Mich. March 30, 2021) (denying leave to appeal) (ECF No. 1-

3

24); *White's Request to Governor* (ECF No. 1-27); *White's Transparency Request to Governor* (ECF No. 1-29); *James E. White (Claimant)*, Michigan Administrative Hearing System, Bureau of Hearings, Division of Unemployment Appeals, Appeal No. 2017-024033 (Dec. 4, 2017) (Order affirming agency's October 9, 2017 Redetermination) (ECF No. 1-33); Michigan Compensation Appellate Commission, No. 7-024033-255373W (ECF No. 1-40); *White v. MSU et al.*, No. 20-301-AE (Ingham Co. Cir. Ct.) (ECF No. 1-52); *White v. MSU et al.*, No. 365513 (Mich. App. June 15, 2021) (denying leave to appeal) (ECF No. 1-55); *White v. MSU et al.,* , No. 163548 (Mich. May 3, 2022) (denying leave to appeal) (ECF No. 1-60); *In re: James White Complaint for Order of Superintending Control*, No. 20-191-AS  (Order of dismissal) (Ingham Co. Cir. Ct. May 26, 2020) (ECF No. 1-65); *In re James Edward White*, No. 356364 (Mich. App. June 15, 2021) (denying leave to appeal) (ECF No. 1-73); and,  *In re James Edward White*, No. 163562 (Mich. May 3, 2022) (Order denying leave to appeal) (ECF No. 1-80).

In 2023, White filed his convoluted complaint in this Court.  The gist of White's claim appears to be that the State of Michigan, through a number of institutions and individuals, violated his due process explaining (in his words):

> 5. Due process begins with the legislatively written law (or contract or rules) read and understood as it was intended at the time it was written and considering what was written as a whole within the context of surrounding law including constitutions and common law (see the Blackstone quotes on pages 8-11 in Exhibit A). Amazingly the *Appeals & Opinions Benchbook - Second Edition*, Michigan Judicial Institute, 2023 is in agreement (Exhibit A pages 20-23) with Blackstone and yet neither is followed by the Michigan courts, executive branch, and MSU which selectively ignore such critical words as "individual," "the Association," "however," "unless," and "or the right." Recent U.S. Supreme Court Justices and their decisions support understanding the words of the law as intended by the legislature (or employer/union, agency rule author, etc.) is fundamental to due process as shown in Exhibit A pages 12-20.

*Id*. at PageID.6-7 (footnotes omitted).

In his jurisdictional statement, White appears to allege that all of the state proceedings are flawed because:

> the employees, officers, and judiciary of the State of Michigan (and thus the State of Michigan) have failed in several respects to adhere to the Constitution of the United States of America, the Michigan Constitution, and Michigan laws by making (uncorrected) mistakes and misreading and/or misapplying the laws of Michigan. The laws of Michigan are plainly written in English (with occasional Latin) and must be understood, executed, and enforced in English.

*Id*. at PageID.2 (footnote omitted).

White alleged that defendant State of Michigan "as a whole, is responsible for the herein identified violations of the United States Constitution." *Id*. at PageID.1, fn 1.  However, in a footnote, White lists dozens of "Michigan units" and government officials who "contributed to these violations" (in his words):

> Gretchen Whitmer (and staff) as Governor; Michigan State University: Judy McManaman, Amy Holda, Brian T. Quinn, Uriel B. Abt, Elizabeth M. Watza; Michigan Unemployment Insurance Agency (case 10634324 unknown staff); Unemployment Insurance Appeals Commission (AKA Michigan Compensation Appellate Commission re 17-024033-255373W): Jack F. Wheatley, Duncan A. McMillah, Lester A Owczarski, Neal A Young, William J. Runco; Attorneys, Judges, Administrative Law Judges, and Commissioners (subject to Governor, Legislative, Judicial, Attorney Grievance Commission, and Attorney Discipline Board sanctions and discipline): Michael J. Kelly judge in Michigan Court of Claims (re 18-000219-MZ; Kathleen Jansen, Kirsten Frank Kelly, and Thomas C. Cameron in Michigan Court of Appeals (re 349812); Winston A Wheaton (ALJ) of Michigan Administrative Hearing System (re 17-024033, UIA 10634324); Wanda Stokes 30th Judicial Circuit (re 20-191-AS-C30, 20-301-AE-C30); Jason Hawkins Assistant Attorney General (re 20-191-AS-C30, et seq.); Fadwa A. Hammoud Solicitor General, Rebecca M. Smith Assistant Attorney General (re 20-301-AE-C30, et seq.); Gadola Michael F. Gadola, Stephen L. Borrello, Brock A Swartzle in Michigan Court of Appeals (re 356364, 356513); Michigan Supreme Court: Bridget M. McCormack, Brian K. Zahra, David F. Viviano, Richard H. Bernstein, Elizabeth T. Clement, Megan K. Cavanaugh, Elizabeth M. Welch (re 162298, 163548, 163562)[.]

*Id*. In this regard, it is unclear exactly how many individuals White references in his footnote, since he includes Governor Whitmer's "staff" and "unknown staff" at the Michigan Unemployment Insurance Agency.

> White's requested relief includes:
>
> 64. Costs that have been paid by Plaintiff during the long course of appeals.
>
> 65. Damages for all pain, suffering, effort, etc., occasioned by over 3000 hours of effort to get the State of Michigan to respond to Plaintiffs original questions of Exhibit FF last page, etc., and correction of the simple arithmetic of Exhibit L's Exhibits page 2 Summary.
>
> 66. Punitive damages of sufficiency and character to discourage the State of Michigan and its employees, judiciary, and officers from further abrogation of their Constitutional and other Just obligations for a long time to come.
>
> 67. Remand responsibility for actions against State of Michigan actors to the appropriate units of the Michigan government and follow-up to ensure that they are adequate and happen.
>
> 68. An order that the U.S. government and/or the Michigan government commence a thorough investigation of the UIA [Michigan Unemployment Insurance Agency], ALJ [Administrative Law Judge], and MCAC / UIAC [Michigan Compensation Appellate Commission / the Unemployment Insurance Appeals Commission] and particularly MSU cases and correct all errors found back at least 15 years.

Compl. at PageID.34-35.[2]

Defendant moved to dismiss the complaint (ECF No. 15), pointing out that "White's complaint at most recites in painstaking detail the procedural history of his unsuccessful administrative and judicial appeals" and that the "[c]omplaint fails to identify any allegedly improper conduct by any of the dozens of entities or individuals identified in footnote 1 of the complaint other than making decisions with which he disagrees." Defendant's Brief (ECF No. 16, PageID.879). Defendant also stated that even assuming there is a new cause of action buried within White's complaint, it should be dismissed "because the dense, confusing allegations of the

---

[2] For abbreviations *see* PageID.1, 12-14, also fn 1, 8.

complaint make it impossible to discern what other causes of action White may be attempting to assert." *Id*. at PageID.879-880.

White filed both a response to the motion to dismiss (ECF No. 19) and an "Amended Complaint" as a matter of course citing Fed. R. Civ. P. 15(a)(1)(B). Amend. Compl. at PageID.919. However, the "amended complaint" entitled "CLAIMS AKA VIOLATIONS", is not an entirely new pleading. Rather, it is a continuation of the original complaint in which White: refers to the allegations in the original complaint; cites civil rights statutes 42 U.S.C. § 1981 (Equal rights under the law), § 1983 (Civil action for deprivation of rights), and § 1985 (Conspiracy to interfere with civil rights); lists 34 paragraphs of "claims" for statutory and constitutional violations; and, attaches five more exhibits (*see* Exhs. GGGG, HHHH, IIII, JJJJ, and KKKK, ECF Nos. 22-1 through 22-5). *Id*. at PageID.919-942. In addition, White claims that his rights have been violated by non-parties, *i.e.*, "all people and units of footnote 1 on numerous dates as above among others and in particular 'due process' rights under at least Exhibit B Amendment XIV PageID.72 and Amendment IX PageID.72 of the Constitution of the United States which require reading and understanding of the law first." *Id*. at PageID.941, ¶ 34. Because White's amended complaint consists of both the original complaint and the additional allegations, the Court will address defendant's motions to dismiss both complaints (ECF Nos. 15 and 23).[3]

### II. Defendant's motions to dismiss

#### A. Legal Standard

Defendant moved to dismiss both the original complaint and the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be

---

[3] This unique situation is an exception to general rule that "an amended complaint supercedes an original complaint and renders the original complaint without legal effect." *See C A T Transport, Inc. v. Gwillim*, No. 1:21-cv-994, 2023 WL 6390562 at *1 (W.D. Mich. Feb. 14, 2023) (quoting *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000)).

granted. A complaint may be dismissed for failure to state a claim if it fails to give the defendants a fair notice of the claim and the grounds upon which it rests. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007).

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotation marks omitted).

In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). While *pro se* pleadings are to be liberally construed, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "this court is not required to conjure up unpled allegations." *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004). Finally, "[w]hen a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. National Collegiate Athletic Association*, 528 F.3d 426, 430 (6th Cir. 2008).

In the alternative, defendant moves for a more definite statement pursuant to Fed. R. Civ. P. 12(e), which provides in pertinent part that:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

Fed. R. Civ. P. 12(e). "If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002).

### B.  Discussion

Defendant contends that White's amended complaint, which is actually his original complaint with the additional "CLAIMS", fails to state a plausible claim upon which relief can be granted. In its brief, defendant points out that:

> White's Amended Complaint, incorporating and relying on his original complaint, presents nothing more than a dense narrative which shows he is unhappy with the result of various administrative and court decisions, but nothing more. It is not the State of Michigan or this Court's duty to sift through mud to search for a plausible cause of action. At the very least, a more definite statement of his claim is required.
>
> The State of Michigan is unable to formulate a response to White's Amended Complaint without a discernable cause of action and relevant facts. The original complaint is essentially comprised of 1) five paragraphs of general legal principles (ECF No. 1, PageID.2-6), and 2) a lengthy history of grievances with various parties and tribunals in prior litigation, which includes 53 multi-fact paragraphs and 26 pages (ECF No. 2, PageID.6-32). The Amended Complaint then incorporates and relies on the original complaint to allege that his constitutional rights were violated by various State of Michigan employees or judges when they "failed to address" various documents or arguments White believes would have rendered him victorious before the administrative tribunals or state courts. (ECF No. 22, PageID.918-943.)  It remains unclear what the causes of action are, the jurisdictional basis for this Court, who the defendants are, and in what capacity defendants are being sued in, to name the most significant issues. Without clarity regarding these issues, the State of Michigan is at a reasonable, but significant disadvantage in being able to respond in an appropriate manner.

Defendant's Brief (ECF No. 24, PageID.1004).

White's complaint as amended is a labyrinth of facts, citations, and legalese. White's pleadings reference at least 15 legal proceedings, includes a lengthy footnote listing dozens of non-parties who allegedly violated his constitutional rights, and his request for relief

includes that this Court to order an investigation of the UIA, ALJ, and MCAC/UIAC to "correct all errors" going "back at least 15 years." *See* ECF Nos. 1-2, 1-13, 1-14, 1-20, 1-24, 1-27, 1-29, 1-33, 1-40, 1-52, 1-55, 1-60, 1-65, 1-73 and 1-80; PageID.1, 34-35.  White's pleadings are not simply "vague or ambiguous" documents which can be cured by a more definite statement.  Rather, his pleadings are so convoluted and filled with rhetoric and legal lectures as to make it impossible for defendant to file an answer.  The gist of White's lawsuit is that anyone who addressed any portion of his claims in the State of Michigan (*i.e.*, "the employees, officers, and judiciary of the State of Michigan") violated his due process "by making (uncorrected) mistakes and misreading and/or misapplying the laws of Michigan."  Compl. at PageID.2.  This is not a claim to relief that is plausible on its face.

White's responses to the motions to dismiss do not address the core problem presented by his convoluted complaint.  In this regard, both responses include a footnote in the caption (*see* ECF No. 19, PageID.896, fn. 1, and ECF No. 26, PageID.1019, fn.1).  White's insistence on using the footnotes complicates the case by suggesting that numerous "Michigan units" and government officials who allegedly contributed to the constitutional violations should be considered as either defendants or part of the defendant State of Michigan.  Under plaintiff's legal theory, this lawsuit is a consolidated action under Fed. R. Civ. P. 42 in which the State of Michigan is on trial for the acts of the listed governmental units and officials, *i.e.*, "Plaintiff believes that for encouraging expediency per Fed. R. Civ. P. 42, one trial of the State as opposed to multiple trials individually for State employees, judges, officers, etc., each acting as 'the' State is appropriate."  Plaintiff's Response (ECF No. 19, PageID.902).

In his second response, plaintiff indicates that this lawsuit involves any state employee who addressed any part of his unemployment claim.  For example, plaintiff mulls over

10

whether the individuals in his footnote could be individually named as defendants (*e.g.*, Governor Whitmer and Michigan Supreme Court Justice McCormack), discusses the concept of sovereign immunity (noting it was correctly handled in *Chisholm v. Georgia* in 1793 "then was radically screwed up with State Legislature [not 'The People'] enactment of a foolish Amendment XI and has been abused ever since by the Federal judiciary", and notes that he "still does not know how Defendant's lawyer wants to see all of the U.S. Constitutional violations committed by State of Michigan employees laid out."  *See* Plaintiff's Second Response (ECF No. 26, PageID.1024-1026).

For all of these reasons, White's complaint as amended should be dismissed for failure to state a claim because "it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks omitted).

### III. RECOMMENDATION

Accordingly, I respectfully recommend that defendant's motions to dismiss the original complaint (ECF No. 15) and the amended complaint (ECF no. 23) pursuant to Fed. R. Civ. P. 12(b)(6) be **GRANTED** and that this action be **TERMINATED**.

Dated:  August 6, 2024                       /s/ Ray Kent
                                             RAY KENT
                                             United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).