UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES EDWARD WHITE,

    Plaintiff,

v.

    Case No. 1:23-cv-1180

    HON. JANE M. BECKERING

STATE OF MICHIGAN,

    Defendant.
_____/

## OPINION AND ORDER

Plaintiff, proceeding pro se, initiated this action on November 6, 2023. On December 8, 2023, Defendant filed a motion to dismiss or, in the alternative, for a more definite statement (ECF No. 15). Subsequently, Plaintiff filed an Amended Complaint (ECF No. 22), and Defendant filed a second motion to dismiss or, in the alternative, for a more definite statement (ECF No. 23). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that Defendant's motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) be granted and that this action be terminated. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. Plaintiff has also filed a Motion for Leave to Amend the Amended Complaint (ECF No. 43). The Court denies the objections and the motion.

Plaintiff's objections do not directly address the Magistrate Judge's analysis. The Court identifies Plaintiff's most responsive argument to be that the Magistrate Judge erred in accepting Defendant's "mere assertion that Plaintiff's claims of math error and failure to follow the law (and U.S. Constitution) as written" fail to comport with the pleading requirements of the Federal Rules of Civil Procedure (Pl. Obj., ECF No. 40 at PageID.1110). Plaintiff also asserts that "correct arithmetic, valid logic, and law reading in English are [] rights incorporated (from prior English law) into" the Constitution (*id.*). In sum, the Court discerns that Plaintiff's objections, which re-iterate the narrative expressed in Plaintiff's complaint, summarily contend that the narrative states a claim.

Plaintiff's argument fails to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion. A complaint may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted if it fails to give the defendants fair notice of the claim and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The plaintiff must state factual and legal "grounds of his entitlement to relief" beyond merely "labels and conclusions." *Id.* The "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff need not demonstrate in his initial pleadings that his claim is "probabl[e]" but must show "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

In this lawsuit, Plaintiff seems primarily to allege that he did not receive the unemployment benefits that he was due and that the state judicial system in Michigan has mishandled his attempts to seek recourse (*see* ECF No. 40 at PageID.8–9). Yet, as the Magistrate Judge observed, Plaintiff's "pleadings are so convoluted and filled with rhetoric and legal lectures as to make it

impossible for Defendant to file an answer" because it is exceedingly difficult to discern who the defendants are, what the defendants did, and how their conduct allegedly violates the law (ECF No. 30 at PageID.1103). Plaintiff's objections do not provide any basis to disturb the Magistrate Judge's conclusion that Plaintiff's Amended Complaint "fails to give the defendant fair notice of what the … claim is and the grounds upon which it rests" (*id.* at PageID.1104 (quoting *Twombly*, 550 U.S. at 555)). Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court with respect to Defendant's motions to dismiss (ECF Nos. 15 and 23).

Plaintiff has also filed a second motion to amend his Amended Complaint (ECF No. 43). The Court denies the motion. Amendments to pleadings are granted "freely… when justice so requires." FED. R. CIV. P. 15(a)(2). The local rules of this Court state that the proposed amendment "must be attached as an exhibit to the motion seeking leave to file." W.D. Mich. L. Civ. R. 5.7(f). In contravention of this rule, Plaintiff's motion did not include the second amended complaint that Plaintiff wishes to file. The Court cannot determine whether "justice so requires" amendment without knowing the substance of the proposed amendment. Moreover, in this case, Plaintiff has already filed one Amended Complaint. The Amended Complaint is marred by substantially the same issues as his first. Federal Rule of Civil Procedure 15(a)(2) does not command the Court to allow a perpetual cycle of amendments and motions to dismiss. For these reasons, the Court will deny the motion to amend.[1]

---

[1] In his motion, Plaintiff also requests "basic guidance" with respect to Federal Rules of Civil Procedure 12(b)(6) and 12(e) (ECF No. 43 at PageID.1121). The Court must be impartial to all parties. The Court cannot favor, or appear to favor, one litigant over another litigant. Therefore, the Court cannot give legal advice or assistance to litigants, including *pro se* litigants. *Mayes v. Sehorn*, No. 3:17-cv-01326, 2017 WL 5624495 at *1 (M.D. Tenn. Nov. 22, 2017) (reaching this same conclusion); *Rife v. Jones*, No. 1:22-cv-144, 2022 WL 3586199 (S.D. Ohio Aug. 22, 2022)

A Judgment will be entered consistent with this Opinion and Order.

Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 40) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 39) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the second Motion to Amend Complaint (ECF No. 43) is DENIED.

**IT IS FURTHER ORDERED** that the second Motion to Dismiss (ECF No. 23) is GRANTED and the first Motion to Dismiss (ECF No. 15) is DISMISSED as moot.

Dated:  September 12, 2024               /s/ Jane M. Beckering
                                         JANE M. BECKERING
                                         United States District Judge

---

(same); *see Day v. McDonough*, 547 U.S. 198, (2006) ("District judges have no obligation to act as counsel or paralegal to pro se litigants…").